The order below is hereby signed.

Signed: February 28, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
SONYA LARAYE OWENS,            )   Case No. 07-00547
                               )   (Chapter 13)
         Debtor.               )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER

The debtor, Sonya LaRaye Owens, has filed a motion for reconsideration (Docket Entry ("DE") No. 57) of the court's Order Sustaining Trustee's Objection to Amended Claimed Exemptions (DE No. 54, entered January 20, 2008). The court denies the motion for the reasons below.

The Chapter 13 Trustee objected to the debtor's original Schedule C, in which the debtor listed her claimed exemptions, because the debtor failed to specify the laws providing for each exemption (DE No. 36, filed December 3, 2007). The debtor timely filed an opposition to the Trustee's objection to her original Schedule C (DE No. 40, filed December 19, 2007) and filed an Amended Schedule C on the same date (DE No. 41), but the Amended Schedule C was ineffective because it did not include a signed

declaration page, and so was not in proper form, and unless a proper amended Schedule C were filed, the trustee's objection to the exemptions was proper.  On December 21, 2007, the court accordingly sustained the Trustee's objection (erroneously stating that it was unopposed), but permitted the debtor to file and serve on the trustee a second amended Schedule C, in proper form, that specifies the law providing for each exemption claimed.  (DE No. 46, entered December 21, 2007).

The debtor filed a second Amended Schedule C on December 27, 2007 (DE No. 51), this time with a signed declaration page and therefore in proper form.  The Trustee objected to the debtor's second Amended Schedule C (DE No. 52).  The debtor having failed to oppose the Trustee's objection to her second Amended Schedule C, the court entered an Order Sustaining Trustee's Objection to Debtor's Amended Claim of Exemptions (DE No. 54).

The debtor now asks the court to reconsider that order (DE No. 54) because she claims that between December 19, 2007 – when she filed her first Amended Schedule C (DE No. 41) and January 29, 2008 – when she received a copy of the court's order sustaining the Trustee's objection to her second Amended Schedule C – she had "not received any opportunity to discuss the merits of her Amended Claimed Exemptions or any indication by the Court that it would not consider her Written Opposition."  However, on the merits, the trustee's objection was correct.  In the second

Amended Schedule C filed on December 27, 2007, the debtor specified D.C. Code § 15-501 as the basis for each exemption, but § 15-501 contains a number of different exemption provisions, and a debtor must specify which one is being invoked for a particular exemption claim.  For example, § 15-501(a)(3) permits an exemption whose amount depends on what amount was claimed as an exemption under § 15-501(a)(14): the court cannot be left to guess what provision is being relied upon as the basis for each exemption claimed.

   The issue is largely academic.  A plan has been confirmed, and so the issue of what the debtor could claim as exempt is no longer relevant to the issue of whether the debtor's plan could be confirmed.  Once the plan is completed and debts are discharged, it probably will not matter what property was claimed as exempt.

   But if the debtor wants to still claim exemptions, she is free to amend her exemptions, once again, to attempt to properly assert as to each exemption the specific part of § 15-501(a) that she relies upon in claiming that exemption.

   On February 14, 2008, the debtor filed Debtor's Written Request for a Hearing (appearing to seek a hearing on the motion for reconsideration as well as the trustee's motion to strike the debtor's objection to the trustee's report on claims).  A hearing regarding the motion for reconsideration is unnecessary.  (The

court by separate order is granting the trustee's motion to strike the debtor's objection to the trustee's report on claims and denying the request for a hearing on that motion.)  It is thus

ORDERED that the debtor's motion for reconsideration (DE No. 57) of the court's Order Sustaining Trustee's Objection to Amended Claimed Exemptions (DE No. 54) is DENIED without prejudice to the debtor's amending her Schedule C to assert, as to each item claimed to be exempt, the specific provision of law she relies upon as allowing the claim.  It is further

ORDERED that the request in the Debtor's Written Request for a Hearing filed on February 14, 2008, for a hearing on the motion for reconsideration is denied.

[Signed and dated above.]

Copies to: Debtor, Chapter 13 Trustee.