The Memorandum Decision and Order below is hereby signed. Dated: July 1, 2008.

*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SONYA LARAYE OWENS, | ) | Case No. 07-00547 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DISMISSING THE
DEBTOR'S OBJECTION TO SALLIE MAE'S CLAIM AND
DIRECTING DEBTOR TO INCLUDE WITH ANY RENEWED OBJECTION
TO CLAIM AN AFFIDAVIT DEMONSTRATING THAT NO CLAIM IS OWED

The debtor has filed an Objection to Sallie Mae/USAF's proof of claim (Claim No. 3) (Docket Entry ("DE") No. 81, filed April 8, 2008). Sallie Mae has not filed a response. The debtor, however, served her objection on Sallie Mae at the following address:

> Sallie Mae/USAF MC 8303
> POB 7167
> Indianapolis, IN 46206-7167

Sallie Mae's proof of claim, on the other hand, indicates that all notices are to be sent to the following name and address:

> Sallie Mae, Inc. on behalf of United Student Aid Funds, Inc.
> Attn: Bankruptcy Litigation Unit E3149
> PO Box 6180
> Indianapolis, IN 46206-6180

Accordingly, Sallie Mae has not been properly served and the court will dismiss the debtor's objection to claim.

Furthermore, in the event the debtor re-files and properly serves a renewed objection to Sallie Mae's claim, the court will require the debtor to include with that objection an affidavit or affidavits demonstrating that no claim is owed.  A properly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  Essentially, Rule 3001(f) treats a proof of claim, executed under penalty of perjury, as the equivalent of an affidavit supporting the creditor's claim, casting the burden on the objecting party to adduce contrary evidence.  Under Rule 3001(f), the court may direct that the debtor file an affidavit to overcome the prima facie evidence of the validity and amount of a claim.  See Garner v. Shier (In re Garner), 246 B.R. 617 (B.A.P. 9th Cir. 2000); In re Nejedlo, 324 B.R. 697, 700 (Bankr. E.D. Wis. 2005) (evidence rebutting prima facie validity of claim may come "in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections," citing Garner).

Without deciding whether Sallie Mae's claim was properly executed and filed and therefore entitled to a presumption of validity under Fed. R. Bankr. P. 3001(f), the court observes that the debtor's objection in its current form does not contend that

Rule 3001(f) is inapplicable to Sallie Mae's proof of claim.  In order to expedite the court's disposition of any renewed objection to claim, the court deems it appropriate to require the debtor to include with any renewed objection an affidavit demonstrating that no claim is owed, without which the court may be unable to sustain the debtor's objection to claim even if the creditor again fails to respond.  It is thus

ORDERED that the debtor's objection to Sallie Mae's claim (DE No. 81) is DISMISSED without prejudice to the debtor's re-filing of an objection to claim that is properly served.  It is further

ORDERED that, to the extent the debtor elects to renew her objection to Sallie Mae's claim, she shall also file and serve on Sallie Mae an affidavit or affidavits demonstrating that no claim is owed.  If she fails to do so, and even if Sallie Mae does not file a response to the debtor's renewed objection to claim, the court will overrule the objection as to Sallie Mae's claim without prejudice to a renewed objection to the claim.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee;

Sallie Mae, Inc. On behalf of United Student Aid Funds, Inc.
Attn: Bankruptcy Litigation Unit E3149
PO Box 6180
Indianapolis, IN 46206-6180