The Memorandum Decision and Order below is hereby signed.  Dated: July 1, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SONYA LARAYE OWENS, | ) | Case No. 07-00547 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DISMISSING THE DEBTOR'S
OBJECTION TO PORTFOLIO RECOVERY ASSOCIATES' CLAIM AND
DIRECTING DEBTOR TO INCLUDE WITH ANY RENEWED OBJECTION
TO CLAIM AN AFFIDAVIT DEMONSTRATING THAT NO CLAIM IS OWED

The debtor has filed an Objection to Portfolio Recovery Associates' proof of claim (Claim No. 5) (Docket Entry ("DE") No. 85, filed April 8, 2008).  Portfolio Recovery has not filed a response.  The debtor, however, served her objection on Portfolio Recovery at the following address:

> Portfolio Recovery
> **POB 12914**
> Norfolk, VA 23541

[Emphasis added.]  Portfolio Recovery's proof of claim, on the other hand, indicates that all notices are to be sent to the following name and address:

> Portfolio Recovery Associates, LLC
> **POB 41067**
> Norfolk, VA 23541

[Emphasis added.]  Accordingly, Portfolio Recovery has not been properly served and the court will dismiss the debtor's objection to claim.

Furthermore, in the event the debtor re-files and properly serves a renewed objection to Portfolio Recovery's claim, the court will require the debtor to include with that objection an affidavit or affidavits demonstrating that no claim is owed.  A properly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  Essentially, Rule 3001(f) treats a proof of claim, executed under penalty of perjury, as the equivalent of an affidavit supporting the creditor's claim, casting the burden on the objecting party to adduce contrary evidence.  Under Rule 3001(f), the court may direct that the debtor file an affidavit to overcome the prima facie evidence of the validity and amount of a claim.  See Garner v. Shier (In re Garner), 246 B.R. 617 (B.A.P. 9th Cir. 2000); In re Nejedlo, 324 B.R. 697, 700 (Bankr. E.D. Wis. 2005) (evidence rebutting prima facie validity of claim may come "in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections," citing Garner).

Without deciding whether Portfolio Recovery's claim was properly executed and filed and therefore entitled to a

presumption of validity under Fed. R. Bankr. P. 3001(f), the court observes that the debtor's objection in its current form does not contend that Rule 3001(f) is inapplicable to Portfolio Recovery's proof of claim.[1]  In order to expedite the court's disposition of any renewed objection to claim, the court deems it appropriate to require the debtor to include with any renewed objection an affidavit demonstrating that no claim is owed, without which the court may be unable to sustain the debtor's objection to claim even if the creditor again fails to respond. It is thus

ORDERED that the debtor's objection to Portfolio Recovery's claim (DE No. 85) is DISMISSED without prejudice to the debtor's re-filing of an objection to claim that is properly served.  It is further

ORDERED that, to the extent the debtor elects to renew her objection to Portfolio Recovery's claim, she shall also file and serve on Portfolio Recovery an affidavit or affidavits demonstrating that no claim is owed.  If she fails to do so, and

---

[1] The debtor's objection to claim contends that Portfolio Recovery is an unknown entity and that the debtor has never had any relations, contractual or otherwise, that would give rise to an obligation owing to Portfolio Recovery.  Portfolio Recovery's proof of claim, however, clearly states that Portfolio Recovery is the successor in interest to Sherman Acquisition LLC (Sears - Sears Premier Card).  In the event the debtor elects to renew her objection to claim, that objection should address not only whether the debtor incurred any obligation to Portfolio Recovery, but also whether she incurred any obligation to Portfolio Recovery's predecessor in interest.

even if Portfolio Recovery does not file a response to the debtor's renewed objection to claim, the court will overrule the objection as to Portfolio Recovery's claim without prejudice to a renewed objection to the claim.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee;

Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541