**The Memorandum Decision and Order below is hereby signed.**
**Dated: October 31, 2008.**

S. Martin Teel, Jr.
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SONYA LaRAYE OWENS,             )   Case No. 07-00547
                               )   (Chapter 13)
         Debtor.                )   **Not for Publication in**
                               )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO
REHEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The debtor's Objection to Rehearing on Motion Relief for Automatic Stay (Docket Entry No. 158) contends that this court cannot rehear the motion of Countrywide Home Loans for relief from the automatic stay because an appeal is pending from an order that granted Countrywide's motion. That order, however, was properly vacated despite the pending appeal.

Within 10 days of entry of the earlier order granting Countrywide relief from the automatic stay, the debtor filed and served her Motion to Dismiss Creditor's Claim of Irreparable Injury (Docket Entry No. 130). The debtor's Motion acknowledged the termination of the stay, and asked "for a decision to DENY the creditor's Motion to Grant Relief from the Automatic Stay pursuant to Federal Bankruptcy Laws and to grant such other and

further relief as may be just and necessary."  It contended that the parties had an agreement that Countrywide would ask for a continuance of the hearing that resulted in the granting of the motion for relief from the automatic stay .  The label of the motion was of no consequence: it effectively sought to vacate the order, and would have had no point if it was not seeking such relief.  Accordingly, it had to be treated as a Rule 59(e) motion, thus vesting this court with jurisdiction to vacate the order despite the pending appeal.  See English-Speaking Union v. Johnson, 353 F.3d 1013, 1020 (D.C. Cir. 2004).

   Because there indeed had been an agreement for a continuance, and the debtor's Motion bringing that point to the court's attention was filed and served within 10 days of entry of the order granting Countrywide's motion, this court had jurisdiction despite the pending appeal to consider vacating, and properly vacated, the order granting relief from the automatic stay.  Once there was no intact order from which an appeal was pending, this court had jurisdiction to rehear the motion for relief from the automatic stay at a continued hearing.  It is thus

   ORDERED that the debtor's Objection to Rehearing on Motion Relief for Automatic Stay (Docket Entry No. 158 is overruled.

                                        [Signed and dated above.]

Copies to:

Debtor

Chapter 13 Trustee

Darine K. Tabbara, Esq.

Honorable John D. Bates (assigned District Court Case Number 1:08-cv-1674).